John L. Frederick *vs.* Sebastiano Marino et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued April 6th—decided May 1st, 1934.

*Harrison D. Schofield,* for the appellant (plaintiff).

*Cyril Coleman,* for the appellees (defendants).

Haines, J. The plaintiff, with his daughter as a passenger, was driving his car north from Durham toward Middletown in the early morning of February 27th, 1932, while the named defendant's agent was driving south on the same highway. The cars collided, causing the injuries complained of. It is conceded that it was very foggy and wet and the road was slippery. Each claimed the other was on the wrong side of the

road at the time of the collision. The jury accepted the plaintiff's version as to the circumstances and gave him a verdict. In considering a motion to set it aside, the trial court reached the conclusion that upon the evidence offered by the plaintiff the verdict ought to stand, but set it aside nevertheless because it was felt that the physical facts were irreconcilably inconsistent with the evidence of the plaintiff.

The defendants' brief says: "Since the verdict was in favor of the plaintiff, his version of the facts is presumed to have been found by the jury. The jury was warranted in so finding unless the indisputable physical facts 'demonstrate that the testimony is either intentionally or unintentionally untrue and leave no real question of conflict of evidence for the jury concerning which reasonable minds could reasonably differ.' "

The question thus presented is the only one before us on this appeal. These undisputed physical facts relate to the road structure and the weather, the injuries to the cars and their positions when they came to rest after the impact. It is conceded that owing to the weather and road conditions, the visibility was very limited, and neither party saw the other until within a few feet. Concededly accurate photographs in evidence show clearly that the injury to the plaintiff's car was on the right front corner, while that to the car of the defendants was from a point back of the right front wheel and along the right side of the car to the rear, obviously a glancing blow. The points where the cars came in contact are thus unmistakably indicated.

There was no evidence as to marks upon the roadway to show the movements of the cars after the impact, but the testimony of the police officer, which was not denied, was that the plaintiff's car stood on

the west side of the center line of the twenty-foot concrete roadway, facing east, and the defendants' car was on the opposite side of the center line facing west, with its rear wheels on the east shoulder of the roadway, and the cars were about six feet apart, the defendants' car being slightly further south than that of the plaintiff. There was a curve in the roadway, as shown by the map in evidence, swinging to the left toward Durham, and the defendant driver testified that he had rounded and passed this curve just before he met the plaintiff's car, and that they came together seventy-five or one hundred feet south of the curve. The plaintiff's testimony is consistent with this, and we find nothing in the evidence to seriously conflict with this claim.

Apparently overlooking this fact, the trial court concluded that as the plaintiff "came into this curve to his right, due to the density of the fog he did not turn his car quite to conform with the curve in the road and this failure brought him somewhat to the left" when he met the defendants' car, and the defendant's "best chance of escape was to his left, which he took." The transcript of evidence, however, shows that the defendant driver was asked, "Then you did swing to the left before the collision?" To which he replied, "No, I didn't," and added, "I made an attempt [to do so] . . . The collision didn't happen after I swung to the left." From this and his further testimony on this point, it cannot be reasonably concluded that he claimed to have turned to the left before the impact. Had the collision occurred as the trial court believed, the damage which the cars suffered could have been accounted for, but the evidence does not permit the adoption of that theory of the collision.

The trial court felt that the plaintiff's evidence did not reasonably account for the injuries shown on the

cars or for their positions when they came to rest. The jury could reasonably have believed the statement of the plaintiff, with which his daughter's testimony is not inconsistent, that as he approached the point of collision he was on his own side of the road, save that "probably I got over the black line an inch or two sometimes, but probably up to three or four inches, always within the inside of the black line." If the jury thus believed that his car had its left wheels on or only three or four inches over the center line, there would have been open on the plaintiff's right, the rest of his ten-foot strip of concrete roadway and the four or five feet of oiled hard-surface shoulder. The plaintiff said that when the defendants' car came into view a few feet away, it was on the plaintiff's side of the road, and was coming across his path "sort of diagonally." Having just swung to his left to round the curve, it would not be strange if the defendant driver had failed to "straighten out" his line of travel before meeting the plaintiff. It is true the plaintiff's evidence on this point is denied by the defendant driver, but it was the right of the jury to believe it and thus to find that, at the moment before the impact, the right side of the defendants' car was exposed to the right front corner of the plaintiff's on-coming car. This conclusion is clearly consistent with the location of the blow on the right side of each car.

The defendants further urge that the position of the cars when they came to rest refutes the claim of the plaintiff as to their respective positions a moment before the impact, saying the defendants' car would have gone into the ditch on the east side of the road and could not have come to rest with its rear wheels on the east shoulder and its front wheels on the concrete. This overlooks the fact that there were four or five feet of concrete and in addition the same width

of hard-surface shoulder to the right of the plaintiff's car. If these cars came together in the way the plaintiff claimed, it was not unreasonable for the jury to conclude that, on this slippery road, they swung into the positions they finally assumed.

Upon the defendant driver's version, his own car was on his own right side going south, and he denies that he swung to the left to avoid the plaintiff's car. With the cars in these positions, the fronts or the left sides of the cars would naturally have received the damage, rather than the right sides.

Reading and comparing all the testimony in conjunction with the maps and photographs in evidence, we are satisfied that the facts could reasonably have been found by the jury in accordance with the evidence offered by the plaintiff, and that those facts are at most not so inconsistent with the undisputed physical facts as to require that the verdict be set aside. The jury's conclusion should stand.

There is error; the case is remanded with direction to enter a judgment on the verdict rendered.

In this opinion the other judges concurred.